RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit I.O.P. 32.1(b)
File Name: 17a0076p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

UNITED STATES OF AMERICA,
                    *Plaintiff-Appellee/Cross-Appellant,*

v.                                                                    Nos. 15-4112/4113/4183

LUKE D. PATTERSON,
                    *Defendant-Appellant/Cross-Appellee.*

Appeal from the United States District Court
for the Northern District of Ohio at Akron.
No. 5:14-cr-00289—James S. Gwin, District Judge.

Decided and Filed:  April 3, 2017

Before:  CLAY, SUTTON, and GRIFFIN, Circuit Judges.

_____

### COUNSEL

**ARGUED:**  Claire C. Curtis, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Cleveland, Ohio, for Appellant in 15-4113/4183.  Carmen E. Henderson, UNITED STATES ATTORNEY'S OFFICE, Cleveland, Ohio, for Appellee in 15-4113/4183.  **ON BRIEF:**  Claire C. Curtis, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Cleveland, Ohio, for Appellant in 15-4113/4183.  Carmen E. Henderson, UNITED STATES ATTORNEY'S OFFICE, Cleveland, Ohio, for Appellee.  Luke D. Patterson, Glenville, West Virginia, pro se in 15-4112.

_____

### OPINION

_____

SUTTON, Circuit Judge.  Local police caught Luke Patterson driving around Akron, Ohio, with a stolen pistol in the driver's door.  That earned him convictions under Ohio law for receiving stolen property and driving under suspension.  That was not all.  Ohioans, like most Americans, also must answer to a separate sovereign:  the federal government.  In connection

with the same incident, Patterson also pleaded guilty under federal law to being a felon in possession of a firearm. *See* 18 U.S.C. § 922(g). When it came time for sentencing, the district court counted several prior Ohio convictions for aggravated robbery with a deadly weapon as crimes of violence under the United States Sentencing Guidelines but not as violent felonies under the Armed Career Criminal Act. We affirm the district court's denial of the motion to dismiss, but reverse for resentencing because Patterson's prior convictions meet the requirements of the Sentencing Guidelines *and* the Armed Career Criminal Act.

I.

On July 30, 2014, officers from the Akron Police Department stopped Patterson for a traffic violation. They noticed an open container of alcohol and found a Smith & Wesson pistol in the driver's door of the car. Patterson told the officers that he had bought the gun on "the street" for a hundred dollars. When the police ran the serial number of the gun through the system, they learned that it had been stolen a month earlier.

On August 12, 2014, an Ohio grand jury indicted Patterson. In exchange for dropping some of the charges against him, Patterson pleaded guilty in September 2014 to receiving stolen property and to driving under suspension in violation of Ohio law.

On August 27, 2014, a federal grand jury indicted Patterson for being a felon in possession of a firearm. *See* 18 U.S.C. § 922(g)(1). Patterson had pleaded guilty in 2001 to two counts of aggravated robbery, Ohio Rev. Code § 2911.01(A)(1), and one count of aggravated robbery with a firearm specification, *id.* §§ 2911.01(A)(1), 2941.145. The three convictions stemmed from armed robberies at an insurance agency, a cash advance store, and a cigarette shop. The district court rejected Patterson's motion to dismiss the federal charge on double jeopardy grounds.

At sentencing, the district court refused to treat his three robbery convictions as violent felonies under the Armed Career Criminal Act. The presentence report calculated Patterson's base offense level as if aggravated robbery with a deadly weapon qualified as a crime of violence under U.S.S.G. § 4B1.2(a). But because the three convictions counted as a single sentence, *see* U.S.S.G. § 4A1.2(a)(2), only one of the convictions impacted Patterson's base offense level.

Patterson did not object to the base offense level of 20, and the district court sentenced him accordingly.

Patterson appealed the denial of the motion to dismiss and his sentence. The United States cross-appealed the district court's application of the Armed Career Criminal Act.

II.

The district court correctly rejected Patterson's double jeopardy objection to the federal charge. "A prosecution in state court under state law, . . . followed by a prosecution in federal court under federal law, does not violate the constitutional prohibition on double jeopardy." *United States v. Holmes*, 111 F.3d 463, 467 (6th Cir. 1997). Separate sovereigns—Ohio and the United States—may prosecute an individual successively for offenses arising from the same course of conduct. *See Heath v. Alabama*, 474 U.S. 82, 88–89 (1985). Ohio could prosecute Patterson under its general police power, and the United States could prosecute him because the gun had traveled in interstate commerce. *See United States v. Chesney*, 86 F.3d 564, 571–72 (6th Cir. 1996). Ohio and the United States derive their power to prosecute from separate sources of sovereignty and thus may prosecute the same individual under their separate legal codes. Such dual prosecutions do not violate the Double Jeopardy Clause.

Perhaps coming to grips with this point, Patterson urges a variation on this argument for the first time on appeal, claiming that the federal prosecution was in "bad faith" because the United States Attorney for the Northern District of Ohio should have informed him of the federal government's intention to file charges in federal court when Patterson was considering the State's plea agreement. But "the federal government had no involvement in [] state plea negotiations," and the State never promised Patterson that federal prosecutors wouldn't charge him for violating federal law. *United States v. McConer*, 530 F.3d 484, 495 (6th Cir. 2008). Patterson hypothesizes that his case may have involved participation between Ohio prosecutors and the United States Attorney as part of Project Exile (a federal program in other States) or Project Safe Neighborhoods. But nothing in the record shows, or even suggests, federal collaboration in *this* state prosecution. The federal indictment was separate from the state indictment, and federal district courts "have original jurisdiction, exclusive of the courts of the

States, of all offenses against the laws of the United States." 18 U.S.C. § 3231. No evidence of bad faith exists.

We can appreciate Patterson's concern that the federal government may prosecute him for driving within the borders of Akron with a firearm. And he is not alone in criticizing such a broad definition of federal criminal power. *See, e.g.*, *Alderman v. United States*, 131 S. Ct. 700, 703 (2011) (Thomas, J., dissenting from denial of certiorari) ("If the *Lopez* framework is to have any ongoing vitality, it is up to this Court to prevent it from being undermined by a 1977 precedent [*Scarborough v. United States*, 431 U.S. 563 (1977)] that does not squarely address the constitutional issue."). But he does not challenge the extent of that power here.

III.

The heart of the appeal and cross-appeal concerns the Armed Career Criminal Act—and whether Patterson's three robberies qualify as predicate offenses under it.

The Act offers three paths for treating an offense punishable by at least one year in prison as a "violent felony": The offense (1) "has as an element the use, attempted use, or threatened use of physical force against the person of another," known as the elements clause; (2) "is burglary, arson, or extortion, [or] involves use of explosives," known as the enumerated offenses clause; or (3) "otherwise involves conduct that presents a serious potential risk of physical injury to another," known as the residual clause. 18 U.S.C. § 924(e)(2)(B).

The Supreme Court recently invalidated one of those paths—the residual clause of the Armed Career Criminal Act. *Johnson v. United States*, 135 S. Ct. 2551, 2563 (2015). That leaves two paths.

Robbery is not an enumerated offense under the Act. That leaves one path.

Does the elements clause, then, apply to Patterson's robbery convictions? The only way that aggravated robbery could qualify as a "violent felony" under the Act is if it "has as an element the use, attempted use, or threatened use of physical force against the person of another." 18 U.S.C. § 924(e)(2)(B)(i). In determining whether the elements clause covers aggravated robbery, we look to the statutory definition of the state offense rather than the

underlying facts of Patterson's crimes, what courts call the categorical approach. *United States v. Anderson*, 695 F.3d 390, 399 (6th Cir. 2012); *see Mathis v. United States*, 136 S. Ct. 2243, 2248 (2016). If the statute requires proving that someone used, attempted, or threatened to use physical force against another, it satisfies the elements clause even if the statute does not match the elements clause word for word. *See United States v. Gloss*, 661 F.3d 317, 319 (6th Cir. 2011). Through it all, "our focus on the minimum conduct criminalized by the state statute is not an invitation to apply 'legal imagination' to the state offense; there must be a realistic probability, not a theoretical possibility, that the State would apply its statute to conduct that falls outside" the Armed Career Criminal Act's limitations. *Moncrieffe v. Holder*, 133 S. Ct. 1678, 1684–85 (2013) (quotation omitted).

Here is the language of Ohio's aggravated robbery statute:

(A) No person, in attempting or committing a theft offense, . . . or in fleeing immediately after the attempt or offense, shall do any of the following:
(1) Have a deadly weapon on or about the offender's person or under the offender's control and either display the weapon, brandish it, indicate that the offender possesses it, or use it.

Ohio Rev. Code § 2911.01. According to the Supreme Court of Ohio, "[o]ne cannot display, brandish, indicate possession of, or use a deadly weapon in the context of committing a theft offense without conveying an implied threat to inflict physical harm. It is the very act of displaying, brandishing, indicating possession, or using the weapon that constitutes the threat to inflict harm because it intimidates the victim into complying." *State v. Evans*, 911 N.E.2d 889, 894 (Ohio 2009). Because any defendant convicted of aggravated robbery under Ohio Rev. Code § 2911.01(A)(1) necessarily threatened to harm someone else with a deadly weapon, all such defendants committed the lesser included offense of robbery under Ohio Rev. Code § 2911.02(A)(2), which in turn requires proof that the defendant "[i]nflict[ed], attempt[ed] to inflict, or threaten[ed] to inflict physical harm on another." *Id.* at 895; *see also State v. Harris*, 911 N.E.2d 882, 885–86 (Ohio 2009).

That's enough to show that Patterson's three aggravated robbery convictions required proof of "the use, attempted use, or threatened use of physical force against the person of another." 18 U.S.C. § 924(e)(2)(B)(i). Proving that Patterson threatened to inflict physical harm

on another person with a deadly weapon "necessarily require[d] proof that the defendant" threatened to "use[] 'force capable of causing physical pain or injury.'" *Anderson*, 695 F.3d at 400 (quoting *Johnson v. United States*, 559 U.S. 133, 140 (2010)) (ruling that aggravated assault under Ohio law, which requires either serious physical harm *or* physical harm by means of a deadly weapon or ordnance, requires violent force). The Ohio Supreme Court's interpretation of the aggravated robbery statute establishes that it qualifies as a violent felony under the elements clause.

Patterson offers several rejoinders. He points out that aggravated robbery under Ohio law does not include an element that matches the Armed Career Criminal Act's elements clause word for word. But that doesn't matter as long as convicting someone of aggravated robbery requires Ohio to prove everything included in the elements clause. For that reason, we've ruled that Ohio's aggravated assault statute qualifies as a violent felony under the elements clause even though it lacks "a stand-alone physical force element." *Id.* at 401. The threatened harm isn't merely an emotional one or a minor brush of the hand; it's the potentially deadly and violent force that comes from an "instrument, device, or thing capable of inflicting death, and designed or specially adapted for use as a weapon, or possessed, carried, or used as a weapon." Ohio Rev. Code § 2923.11(A). A threat to use a deadly weapon against a robbery victim is a threat to commit exactly the sort of "violent act directed against a robbery victim" that the elements clause covers. *Johnson*, 559 U.S. at 139 (quotation omitted). And we recently ruled that even Ohio Rev. Code § 2911.02(A)(2), the lesser included form of robbery, counts as a violent felony under the elements clause. *United States v. Finley*, No. 15-6222, at 2–3 (6th Cir. Feb. 22, 2017) (order).

But, insists Patterson: "Nothing in the statute expressly requires the use of force" or "that use of a deadly weapon must be against the person of another." Third Br. 5. True. But the Ohio Supreme Court, the authoritative interpreter of Ohio law, reads the aggravated robbery statute to contain just that. *Evans*, 911 N.E.2d at 894–95. "It is the very act of displaying, brandishing, indicating possession, or using the weapon that constitutes the threat to inflict harm because it intimidates *the victim* into complying." *Id.* at 894 (emphasis added).

Still, Patterson persists, the language of the aggravated-robbery statute would allow Ohio to convict someone who robs a store while just happening to be carrying a weapon openly, as Ohio allows. Oral Argument at 3:51–4:18; *see United States v. Moore*, 203 F. Supp. 3d 854, 861 (N.D. Ohio 2016) (posing the same hypothetical). To the same effect were the district court's concerns that the statute would apply to someone who had a firearm "otherwise available" for use in his pocket when he robbed a victim even if he did not threaten the victim with the deadly weapon, R. 71 at 25, or if he used only "emotional force," R. 69 at 5–6. But Patterson points to no case where Ohio has convicted someone of aggravated robbery for "threatening force against an object rather than a person," *id.* at 6, or otherwise completing the offense without threatening a victim with the deadly weapon. The Ohio Supreme Court itself identified similar possibilities: "purchasing a hunting knife in a hardware or sporting goods store as [the defendant] simultaneously shoplifts a bag of nails by placing them in his pocket." *Evans*, 911 N.E.2d at 894. But the state court called this possibility and ones like it "implausible." *Id.* at 894–95. All of this falls into the category of "imaginative flights" that the Supreme Court cautioned us not to use in applying the categorical approach. *United States v. Doctor*, 842 F.3d 306, 313 (4th Cir. 2016) (Wilkinson, J., concurring); *see Moncrieffe*, 133 S. Ct. at 1684–85. So long as there is no reason to think that Ohio aggravated robbery with a deadly weapon can be applied to individuals who use minimal actual force or who do not threaten serious physical force against others, there is every reason to treat it as a crime of violence.

Also undermining this argument is the United States Supreme Court's application of the Armed Career Criminal Act. The Court has not hesitated to consider the state courts' interpretation of the relevant state laws. *See id.* 1686. So too for our court. In the case that Patterson cites for the proposition that our "review is limited to the specific elements of the offense," Third Br. 3, we turned to precedents of the Tennessee Supreme Court to determine that Tennessee's robbery statute qualified under the elements clause, *United States v. Priddy*, 808 F.3d 676, 686 (6th Cir. 2015).

Other cases are to the same effect. All we needed to know about facilitation of aggravated robbery under Tennessee law was that it criminalized "knowingly provid[ing] substantial assistance to" someone committing aggravated robbery. *Gloss*, 661 F.3d at 319. The

reality that the statute also required knowledge that the other person would carry out the use of force and that the facilitator did not have the intent required to commit the facilitated felony played no role in our analysis. *Id.* at 318.

Other circuit courts have ruled that the government does not need to prove a specific intent for every word in the elements clause. The Fourth Circuit faced and rejected the argument that South Carolina robbery cannot qualify as a violent felony because "it does not contain an explicit mens rea requirement as to the force or intimidation element." *Doctor*, 842 F.3d at 311 (majority). As in this case, the defendant "fail[ed] to cite a single case in South Carolina where a defendant negligently or recklessly used force in the commission of a robbery, or where a defendant negligently or recklessly intimidated a victim." *Id.* Concocting hypothetical and unrealistic examples divorced from the case law is a recipe for sentencing "at an untenable remove from facts on the ground." *Id.* at 313 (Wilkinson, J., concurring). The Seventh Circuit also ruled that Indiana robbery qualified as a violent felony even though the "statute requires only that the victim *be* in fear of bodily injury." *United States v. Duncan*, 833 F.3d 751, 756 (7th Cir. 2016). The Indiana statute lacked a mens rea for the threat, but, considering Indiana caselaw, the Seventh Circuit could "not see how, in the ordinary case, the State will be able to prove that a victim feared bodily injury if he did not comply with a robber's demands without showing that the robber employed a threat of physical force, either explicit or implicit." *Id.* at 756–57. The Eleventh Circuit ruled similarly in clarifying that Florida armed robbery is a violent felony. *United States v. Seabrooks*, 839 F.3d 1326, 1340–41 (11th Cir. 2016).

The Ninth Circuit's decision in *United States v. Parnell* is not to the contrary. 818 F.3d 974 (9th Cir. 2016). Although the Ninth Circuit held that armed robbery under Massachusetts law does not qualify as a violent felony, it would have ruled differently "[i]f every robbery involved an implied threat of violent force," because "every victim would be placed in fear." *Id.* at 980. The Supreme Court of Ohio, in contrast to Massachusetts, interprets aggravated robbery with a deadly weapon in every case to require an "implied threat to inflict physical harm" to the victim. *Evans*, 911 N.E.2d at 894. Of like import is *United States v. Dixon*. It hinged on the reality that California had convicted individuals for accidental uses of force. 805 F.3d 1193, 1197–98 (9th Cir. 2015). But Patterson fails to point to any comparable cases under Ohio Rev.

Code § 2911.01(A)(1).  *See Doctor*, 842 F.3d at 311 n.5 (distinguishing *Dixon*).  Patterson's remaining out-of-circuit cases have no bearing on the level of force that threatening physical harm with a deadly weapon requires.  *Cf. Gloss*, 661 F.3d at 319 ("Any robbery accomplished with a real or disguised deadly weapon . . . falls under the first clause of the definition of violent felony.").

Because Ohio Rev. Code § 2911.01(A)(1) qualifies as a violent felony, Patterson had "three previous convictions . . . for a violent felony" under the Armed Career Criminal Act, and the district court should have sentenced him as an armed career criminal.  18 U.S.C. § 924(e)(1).  We reverse its contrary decision.

IV.

Patterson claims that the district court erred in treating aggravated robbery with a deadly weapon as a crime of violence when calculating Patterson's base offense level under the *Sentencing Guidelines*.  He did not raise this claim below, and accordingly plain error review applies.  *Priddy*, 808 F.3d at 681–82.

The elements clause of the crime of violence provision in the Guidelines is nearly identical to the elements clause in the Armed Career Criminal Act.  To qualify as a crime of violence under the Guidelines, the prior offense must have as "an element the use, attempted use, or threatened use of physical force against the person of another."  U.S.S.G. § 4B1.2(a)(1).  We have not hesitated to use authority interpreting the elements clause in the Armed Career Criminal Act in interpreting the same phrase in the Guidelines.  *See United States v. Rede-Mendez*, 680 F.3d 552, 555 n.2 (6th Cir. 2012).  We see no reason, and Patterson has offered none, for treating the two provisions differently here.  We thus conclude that aggravated robbery with a deadly weapon, which the Supreme Court of Ohio interprets to require the threat of physical harm to another with a deadly weapon, qualifies as a crime of violence under the Guidelines.

There is a separate reason for rejecting this argument.  Because "the advisory Guidelines are not subject to vagueness challenges," *Beckles v. United States*, 137 S. Ct. 886, No. 15-8544, 2017 WL 855781, at *3 (U.S. Mar. 6, 2017), aggravated robbery with a deadly weapon also would have qualified as a crime of violence under the residual clause, which was still part of the

Guidelines at the time of Patterson's sentencing, *see* U.S.S.G. § 4B1.2(a)(2) (2015); *see also United States v. Sanders*, 470 F.3d 616, 621–22 (6th Cir. 2006).  Treating Ohio Rev. Code § 2911.01(A)(1) as a crime of violence was not error, and certainly not plain error.  *See Priddy*, 808 F.3d at 682.

For these reasons, we affirm the district court's denial of the motion to dismiss and calculation of the base offense level, reverse the ruling that Patterson did not have three previous convictions for a violent felony, vacate Patterson's sentence, and remand for resentencing.