NOT RECOMMENDED FOR PUBLICATION
File Name: 18a0053n.06

No. 17-3051

**FILED**
Jan 29, 2018
DEBORAH S. HUNT, Clerk

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | ON APPEAL FROM THE |
| v. | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE |
| | ) | NORTHERN DISTRICT OF |
| MALIK SQUAER, | ) | OHIO |
| | ) | |
| Defendant-Appellant. | ) | OPINION |
| | ) | |
| | ) | |

BEFORE:      NORRIS, BATCHELDER, and STRANCH, Circuit Judges.

**JANE B. STRANCH, Circuit Judge.**  Malik Squaer pled guilty to a single count of being a felon in possession of a firearm under 18 U.S.C. § 922(g).  Squaer's sentence was enhanced pursuant to the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924, and he was sentenced to 200 months of imprisonment.  Squaer appeals this sentence arguing that his two prior Ohio convictions for aggravated robbery do not qualify as violent felonies and cannot serve as predicate offenses under ACCA.  We disagree and **AFFIRM** Squaer's sentence.

## I.      BACKGROUND

The parties do not dispute the material facts in this case.  In March of 2016, the Ohio Adult Parole Authority (APA) received a Transfer Investigation Request as a result of Squaer's moving his residence from Cleveland, Ohio to Lorain, Ohio.  Parole officers Jeffrey Jones and Susan Kahoun unsuccessfully tried to contact Squaer and then went to Squaer's proposed Lorain

residence. (*Id.*) Squaer answered the door, the officers identified themselves, and Squaer allowed them to enter. The officers smelled marijuana and Squaer admitted that he had recently been smoking marijuana. The officers conducted a "security sweep" of the apartment and observed a bag of marijuana and a digital scale. After Jones obtained Squaer's wife's permission to search the apartment, Squaer informed Jones that there was a firearm in the back bedroom; a subsequent search yielded a Glock 23, .40 caliber pistol. Additionally, the officers located slightly more than a quarter ounce of marijuana as well as small quantities of fentanyl and cocaine. Squaer also had $764 on his person.

On June 14, 2016, Squaer was indicted and charged with a single count of being a felon in possession of a firearm under 18 U.S.C. § 922(g)(1). (Squaer had previously been convicted of four felonies that are relevant to this appeal: 1) Felonious Assault in violation of Ohio Revised Code (O.R.C.) 2903.11 in 2000; 2) Conspiracy and Possession with Intent to Distribute Cocaine Base in violation of 21 U.S.C. § 846 in 2001; 3) Aggravated Robbery with Firearm Specification in violation of O.R.C. 2911.01(A)(1) in 2009, relating to a 2007 offense; 4) Aggravated Robbery with Firearm Specification in violation of O.R.C. 2901.01(A)(1) in 2009, relating to a 2008 offense.

Squaer's Presentence Investigative Report determined that based on these prior felony convictions his sentence should be enhanced under the ACCA. Squaer filed a sentencing memorandum objecting to the armed career criminal designation in December 2016. In January 2017, the district court held a sentencing hearing and concluded that Squaer did meet the criteria for the armed career criminal designation and imposed a sentence of 200 months of imprisonment, followed by three years of supervised release. Squaer timely appealed that sentence.

## II. STANDARD OF REVIEW

We review "de novo a district court's determination that an offense constitutes a 'violent felony' under the ACCA." *United States v. Mitchell*, 743 F.3d 1054, 1058 (6th Cir. 2014) (quoting *United States v. Benton*, 639 F.3d 723, 729 (6th Cir. 2011)). We review sentencing determinations under an abuse of discretion standard. *United States v. Solano-Rosales*, 781 F.3d 345, 351 (6th Cir. 2015). Our review of sentences has a procedural and substantive component. *Id.* A sentence is procedurally reasonable when the advisory Guidelines are properly calculated, the district court adequately considers the 18 U.S.C. § 3553(a) factors, and the sentencing court articulates its reasoning for imposing a particular sentence. *United States v. Adams*, 873 F.3d 512, 517 (6th Cir. 2017). In evaluating the substantive reasonableness of a sentence, we give deference to the sentence imposed and "we must 'take into account the totality of circumstances, including the extent of any variance from the Guidelines range.'" *Id.* (quoting *United States v. Bolds*, 511 F.3d 568, 581 (6th Cir. 2007)).

## III. ANALYSIS

### A. ACCA Requirements

The Armed Career Criminal Act provides that any individual convicted of being a felon in possession of a firearm under 18 U.S.C. § 922(g), who has previously been convicted of three violent felonies or serious drug offenses, or a combination of both, shall be imprisoned for a term of not less than 15 years. 18 U.S.C. § 924(e)(1). As originally drafted, the ACCA provided three avenues by which an offense could constitute a violent felony. The so-called elements clause provides that any offense that "has as an element the use, attempted use, or threatened use of physical force against the person of another" constitutes a violent felony. 18 U.S.C. § 924(e)(2)(B)(i). Violent felonies also include certain enumerated offenses including

"burglary, arson, or extortion, [or offenses] involv[ing the] use of explosives. . . "

18 U.S.C. § 924(e)(2)(B)(ii) (enumerated offenses clause). Finally, the Act's so-called residual

clause also provides that any offense that "otherwise involves conduct that presents a serious

potential risk of physical injury to another" is a violent felony. 18 U.S.C. § 924(e)(2)(B)(ii).

The Supreme Court, however, invalidated the residual clause in *Johnson v. United States*, 135 S.

Ct. 2551, 2563 (2015), holding that the clause was unconstitutionally vague. As a result, to

qualify as a predicate offense for ACCA, the prior conviction must satisfy the requirements of

either the elements clause or the enumerated offenses clause.

## B. ACCA predicate offenses

We have previously concluded that O.R.C. Section 2911.01(A)(1) constitutes an ACCA

predicate offense under the elements clause. *United States v. Patterson*, 853 F.3d 298, 303 (6th

Cir. 2017). *See also United States v. Patterson*, --- F.3d ---, No. 17-3706, 2017 WL 6506582, at

*1 (6th Cir. Dec. 20, 2017). Section 2911.01(A)(1) provides that:

> (A) No person, in attempting or committing a theft offense, as defined in section
> 2913.01 of the Revised Code, or in fleeing immediately after the attempt or
> offense, shall do any of the following:
> (1) Have a deadly weapon on or about the offender's person or under the
> offender's control and either display the weapon, brandish it, indicate that the
> offender possesses it, or use it;

O.R.C. § 2911.01(A)(1). To determine if Squaer's armed robbery convictions qualify as violent

felonies, we utilize the categorical approach and "look only to the statutory definition of the

offense rather than to the facts underlying the conviction to determine whether it counts as a

crime of violence." *United States v. Verwiebe*, 874 F.3d 258, 260 (6th Cir. 2017) (citing *Taylor

v. United States*, 495 U.S. 575 (1990)). As we noted in *Patterson*, the Ohio Supreme Court has

definitively ruled that Section 2911.01(A)(1) has an element that the offense includes the "use,

attempted use, or threatened use of physical force." The Ohio Supreme Court held that under

Section 2911.01(A)(1)

> One cannot display, brandish, indicate possession of, or use a deadly weapon in the context of committing a theft offense without conveying an implied threat to inflict physical harm. It is the very act of displaying, brandishing, indicating possession, or using the weapon that constitutes the threat to inflict harm because it intimidates the victim into complying with the command to relinquish property without consent.

*State v. Evans*, 911 N.E.2d 889, 894 (Ohio 2009). As we ruled in *Patterson*, this unequivocal

statement means that Section 2911.01(A)(1) constitutes a crime of violence for the purposes of

ACCA.

Squaer, however, requests that we revisit the ruling in *Patterson* and argues that

"additional consideration should be given to what constitutes physical force . . . ." We find this

argument unavailing as *Patterson* adequately analyzed and resolved this issue. *See Patterson*,

853 F.3d at 303–06. We are, moreover, bound by previously published precedent, absent an

intervening Supreme Court decision modifying the governing law or an en banc decision

overruling prior precedent. *See United States v. Elbe*, 774 F.3d 885, 891 (6th Cir. 2014).

### C. Procedural and substantive reasonableness

Squaer argues that his sentence is unreasonable because the district court "erred in

calculating his applicable advisory sentencing range under the United States Sentencing

Guidelines." He contends that his sentence is substantively unreasonable because the district

court sentenced him under the provisions of the ACCA that triggered the Guidelines'

enhancements to his offense level and criminal history categorization.

The ACCA establishes a mandatory minimum sentence of 15 years of imprisonment

where the defendant has previously been convicted of three prior violent felonies or serious drug

offenses. *See* 18 U.S.C. § 924(e). Section 4B1.4 of the United States Sentencing Guidelines

(USSG) enhances both the offense level and the criminal history category for purposes of calculating the advisory Guidelines. As in the ACCA, Section 4B1.4's provisions are triggered when a defendant has three prior convictions for violent felonies or controlled substance offenses. *See* § 4B1.4(a). Section 4B1.4 also utilizes the same standard as the ACCA for determining whether an offense constitutes a violent felony. *United States v. Prater*, 766 F.3d 501, 508 (6th Cir. 2014). Therefore, our conclusion that the district court properly determined that Squaer's prior convictions triggered the provisions of ACCA necessarily means that his prior convictions triggered the enhancements in Section 4B1.4. *See id.* Squaer's total offense level was 31 and he had a criminal history category of VI, yielding an advisory Guidelines range of 188 to 235 months. By imposing a 200 month sentence, the district court entered a within-Guidelines sentence, which we presume to be reasonable. *United States v. Vonner*, 516 F.3d 382, 389 (6th Cir. 2008) (en banc). Squaer's contention that his sentence is substantively unreasonable, thus, stands or falls with his argument that his aggravated robbery convictions do not constitute violent felonies. We have rejected that argument and concluded that the district court did not err. Squaer's sentence was not substantively unreasonable.

## IV.      CONCLUSION

For the reasons stated above, we **AFFIRM** the decision of the district court.