NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name:  18a0592n.06

Case No. 17-3789

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

<table>
<tr><td>STEPHON FULLUM,</td><td>)</td><td rowspan="11"></td></tr>
<tr><td></td><td>)</td></tr>
<tr><td>Petitioner-Appellant,</td><td>)</td></tr>
<tr><td></td><td>)</td></tr>
<tr><td>v.</td><td>)</td></tr>
<tr><td></td><td>)</td></tr>
<tr><td>UNITED STATES OF AMERICA,</td><td>)</td></tr>
<tr><td></td><td>)</td></tr>
<tr><td>Respondent-Appellee.</td><td>)</td></tr>
<tr><td></td><td>)</td></tr>
</table>

FILED
Nov 28, 2018
DEBORAH S. HUNT, Clerk

ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF OHIO

BEFORE:  COLE, Chief Judge; SUTTON and LARSEN, Circuit Judges.

SUTTON, Circuit Judge.  Stephon Fullum was convicted of being a felon in possession of a firearm.  The district court found that he was an armed career criminal and sentenced him to 70 months in prison.  Fullum filed this § 2255 motion, arguing that his convictions for Ohio aggravated robbery and aggravated burglary should not have counted as predicate violent felonies under the Armed Career Criminal Act.  The district court denied the motion but granted a certificate of appealability.  We affirm.

I.

After a bench trial, Fullum was convicted of being a felon in possession of a firearm. 18 U.S.C. § 922(g)(1).  He had prior convictions for Ohio aggravated robbery, Ohio felonious assault, and Ohio aggravated burglary.  The district court found that Fullum was an armed career criminal, mandating at least 15 years in prison under the Armed Career Criminal Act and resulting

in a guidelines range of 151 to 188 months.  On a motion from the government, the court departed downward for substantial assistance, *see* 18 U.S.C. § 3553(e); U.S.S.G. § 5K1.1, and sentenced him to 70 months in prison.

After the Supreme Court invalidated the Armed Career Criminal Act's residual clause in *Johnson v. United States*, 135 S. Ct. 2551 (2015), Fullum petitioned for post-conviction relief, 28 U.S.C. § 2255(a).  He argued that his aggravated robbery and aggravated burglary convictions no longer qualified as predicate offenses under the Act.  The district court initially agreed.  But after we decided *United States v. Patterson*, 853 F.3d 298 (6th Cir. 2017), the district court amended its judgment and denied Fullum's § 2255 petition, concluding that both prior convictions qualify as predicates under the Act.  The district court issued a certificate of appealability on the aggravated robbery conviction, and Fullum appealed.

II.

Because Fullum's certificate of appealability limits his appeal to his aggravated robbery conviction, we do not consider his aggravated burglary conviction.  *Dunham v. United States*, 486 F.3d 931, 934–35 (6th Cir. 2007).  The case thus turns on whether an Ohio aggravated robbery conviction constitutes a violent felony under the Armed Career Criminal Act.

That evergreen and ever-fruitful statute provides that a felon in possession with three previous convictions for a violent felony or serious drug offense must receive a 15-year-minimum sentence.  18 U.S.C. § 924(e).  Designation as an armed career criminal also results in a higher sentencing guidelines range.  U.S.S.G. § 4B1.4.

Since the Supreme Court struck down the Act's residual clause, *Johnson*, 135 S. Ct. at 2563, two paths remain for treating a crime punishable by at least one year in prison as a violent felony.  One, the elements clause, deems violent any felony that has "as an element the use,

attempted use, or threatened use of physical force against the person of another." 18 U.S.C. § 924(e)(2)(B)(i). The other, the enumerated offenses clause, lists four qualifying felonies: "burglary, arson, or extortion, [or crimes] involv[ing] use of explosives." *Id.* § 924(e)(2)(B)(ii).

Robbery is not an enumerated offense. That leaves the elements clause. It covers only offenses that require a finding of "*violent* force—that is, force capable of causing physical pain or injury to another person." *Johnson v. United States*, 559 U.S. 133, 140 (2010). To determine whether an offense qualifies under the elements clause, courts apply the categorical approach. *See United States v. Harris*, 853 F.3d 318, 320 (6th Cir. 2017). That means we look to the statutory definition of the crime and controlling judicial decisions—not the actual conduct underlying the conviction—to determine if the statute covers conduct that the elements clause doesn't reach. *See Descamps v. United States*, 570 U.S. 254, 260–61 (2013); *Taylor v. United States*, 495 U.S. 575, 600 (1990). If it does, the conviction cannot qualify as a predicate offense under the Act. *Mathis v. United States*, 136 S. Ct. 2243, 2251 (2016).

A few more wrinkles. If the statute identifies separate crimes with separate elements, it is divisible, and courts must apply the modified categorical approach by looking at the record of the prior conviction to determine which crime the defendant committed. *Shepard v. United States*, 544 U.S. 13, 26 (2005). But if the statute lists only alternative means, it is indivisible, meaning courts must examine the entire statute for overbreadth. *Mathis*, 136 S. Ct. at 2253–54. Courts should "focus on the minimum conduct criminalized by the state statute," while resisting the temptation to "apply legal imagination to the state offense." *Moncrieffe v. Holder*, 569 U.S. 184, 191 (2013) (quotation omitted). We thus look for a "realistic probability, not a theoretical possibility" that the State would apply the statute to conduct not requiring the necessary force. *Id.* (quotation omitted).

How do these principles work here? Fullum's statute of conviction punishes anyone who "in attempting or committing a theft offense . . . or in fleeing immediately after such attempt or offense" either "(1) [h]a[s] a deadly weapon or dangerous ordnance . . . on or about his person or under his control" or "(2) [i]nflict[s], or attempt[s] to inflict serious physical harm on another." Ohio Rev. Code § 2911.01(A) (1984).

Divisible or indivisible? Divisible. The statute lists elements in the alternative, and Fullum was indicted for and convicted of violating § 2911.01(A)(2). Only that part of the law thus matters.

Overbroad? The statute requires "[i]nflict[ing], or attempt[ing] to inflict serious physical harm on another" in conjunction with a theft offense. *Id.* § 2911.01(A)(2). Ohio defines "[s]erious physical harm to persons" to include four kinds of severe *physical* harm along with "[a]ny *mental* illness or condition of such gravity as would normally require hospitalization or prolonged psychiatric treatment." *Id.* § 2901.01(E)(1) (1984) (emphasis added) (now § 2901.01(A)(5)(a)). Can a defendant, in the course of a theft, cause this kind of mental harm to another without the use, attempted use, or threatened use of violent force? We don't think so.

In *United States v. Anderson* we found that Ohio felonious assault, which prohibits a person from knowingly causing "serious physical harm to another," requires proof of violent force. 695 F.3d 390, 400, 402 (6th Cir. 2012); *see* Ohio Rev. Code § 2903.11(A)(1). The en banc court is considering the status and meaning of *Anderson* in two pending cases. *Williams v. United States*, No. 17-3211; *United States v. Burris*, No. 16-3855. Regardless of *Anderson*'s fate, Ohio aggravated robbery remains a crime of violence.

On its face, the statute does not make clear whether a defendant can commit aggravated robbery without violent force. The text contains no express force requirement, and it may be possible, in the abstract, to cause severe mental harm without the use of physical force. But the

4

statute also requires that the defendant inflict that mental harm "in attempting or committing a theft offense . . . or in fleeing immediately after such attempt or offense." Ohio Rev. Code § 2911.01(A). That means the defendant must inflict grave mental harm in the course of or immediately after stealing property. *Id.* § 2913.02. In that short window of time, it seems unlikely that a thief could cause the victim mental harm requiring prolonged psychiatric treatment without using or threatening violent force.

To ensure that there is a "realistic probability, not a theoretical possibility," that the State would actually apply the aggravated robbery statute to nonviolent conduct, we look to state cases applying the law. *Moncrieffe*, 569 U.S. at 191 (quotation omitted); *see Patterson*, 853 F.3d at 304 (applying *Moncrieffe* in the elements-clause context). Neither we nor the parties have identified a single Ohio case in which a defendant committed aggravated robbery without violent force. This dearth of cases clarifies what the text leaves ambiguous: The statute requires the use, attempted use, or threatened use of violent force.

The reality that a few Ohio cases have found that a defendant can cause serious mental harm to another in the course of a felonious assault (as opposed to aggravated robbery) without using violent force does not change that conclusion. *See, e.g.*, *State v. Hodges*, 669 N.E.2d 256 (Ohio Ct. App. 1995). Aggravated robbery requires a theft, while felonious assault does not. That alters the circumstances under which someone might cause severe mental harm. For example, in *Hodges*, an Ohio court affirmed a priest's felonious assault conviction for having sex with a mentally ill parishioner during a counseling session, when his actions caused the woman to be hospitalized in a psychiatric unit. *Id.* at 258–62. But the addition of the theft element makes an analogous scenario far-fetched for aggravated robbery. Even fashioning hypotheticals proves

difficult. A priest in a counseling session with a disturbed parishioner yanks away her car keys, sending her into a downward mental spiral?

This is precisely the kind of "imaginative flight[]" the Supreme Court has warned us not to indulge. *Patterson*, 853 F.3d at 304 (quotation omitted); *see Moncrieffe*, 569 U.S. at 191. Because a person cannot realistically commit aggravated robbery without violent force, the crime qualifies under the elements clause.

Fullum counters that two Ohio cases prove a defendant can commit aggravated robbery by causing mental harm without violent force. *See State v. Bailey*, No. 100993, 2014 WL 5387941 (Ohio Ct. App. Oct. 23, 2014); *State v. Ward*, No. 24521, 2012 WL 259812 (Ohio Ct. App. Jan. 27, 2012). But they show the opposite. In both cases, the defendant was convicted of aggravated robbery with a deadly weapon, and the crime involved the use or threat of violent force. *Bailey*, 2014 WL 5387941, at *6–8; *Ward*, 2012 WL 259812, at *1.

For these reasons, we affirm.