NOT RECOMMENDED FOR PUBLICATION
File Name: 19a0096n.06

Nos. 16-4103/4115

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**
Feb 28, 2019
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellant/Cross-Appellee, | ) | |
| | ) | ON APPEAL FROM THE |
| v. | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE |
| DARRELL D. MOORE, | ) | NORTHERN DISTRICT OF |
| | ) | OHIO |
| Defendant-Appellee/Cross-Appellant. | ) | |
| | ) | |

BEFORE:     BATCHELDER, GILMAN, and ROGERS, Circuit Judges

ROGERS, Circuit Judge.  Darrell Moore pleaded guilty to one count of felon in possession of a firearm, 18 U.S.C. § 922(g)(1).  When a § 922(g) violator has at least three violent felonies on his criminal record, he may be sentenced as an armed career criminal—a designation that triggers a steep fifteen-year mandatory minimum sentence, § 924(e)(1).  Moore had three prior Ohio convictions—for robbery, aggravated robbery, and aggravated assault—which the Government contends are predicate violent felonies.  But Moore was not sentenced as an armed career criminal, because the district court held that only one of those convictions (Ohio aggravated assault) is a violent felony under the Armed Career Criminal Act.

Subsequent decisions by this court have brought into question the district court's ACCA holdings.  First, this court in *United States v. Patterson* held that Ohio aggravated robbery *is* categorically a violent felony under the ACCA.  853 F.3d 298, 302–03 (6th Cir. 2017).  Second, this court in *United States v. Burris* held that Ohio aggravated assault is divisible into two variants,

Ohio Rev. Code § 2903.12(A)(1) and (A)(2), and that a conviction under § 2903.12(A)(2) remains an ACCA predicate. 912 F.3d 386, 405 (6th Cir. 2019); *id.* at 410 (Rogers, J., concurring in part and in the judgment); *id.* at 410–11 (Kethledge, J., concurring in the judgment). It is unclear on this record which variant Moore was convicted of, and a look at the so-called *Shepard* documents is required. Third, the district court held that Ohio robbery under Ohio Rev. Code § 2911.02(A)(2) does not qualify under the ACCA because it requires a *mens rea* of only recklessness. But in doing so, the court relied on yet another since-reversed precedent. Following the Supreme Court's decision in *Voisine v. United States*, 136 S. Ct. 2272 (2016), this court has held that recklessness may suffice under the elements clause of the Armed Career Criminal Act. *See United States v. Verwiebe*, 874 F.3d 258, 252 (6th Cir. 2017).

In light of these developments with respect to each of Moore's three possible predicate offenses, we vacate Moore's sentence and remand for resentencing consistent with these changes in the law.