**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-7515**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ROBERT HAMPTON TAYLOR,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  James C. Dever III, District Judge.  (5:07-cr-00324-D-1; 5:16-cv-00546-D)

Submitted:  April 16, 2020                                   Decided:  April 20, 2020

Before GREGORY, Chief Judge, and WYNN and DIAZ, Circuit Judges.

Dismissed by unpublished per curiam opinion.

Robert Hampton Taylor, Appellant Pro Se.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Robert Hampton Taylor seeks to appeal the district court's order granting in part and denying in part his authorized, successive 28 U.S.C. § 2255 (2018) motion. The court granted relief on Taylor's claim that the Supreme Court's decision in *Davis*,[1] and our decision in *Simms*,[2] invalidated his 18 U.S.C. § 924(c) (2018) conviction and vacated the 10-year consecutive sentence corresponding to that conviction. But the court rejected Taylor's challenge to his armed career criminal designation, finding that post-*Johnson*[3] circuit court decisions established that the predicate convictions identified in Taylor's presentence report remained qualifying "violent felonies" under the force provision in 18 U.S.C. § 924(e)(2)(B)(i) (2018).

Taylor seeks review of the district court's denial of the latter claim. As such, Taylor is appealing the final order in a proceeding under § 2255 and must obtain a certificate of appealability in order to do so. *See* 28 U.S.C. § 2253(c)(1)(B) (2018). A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2018). When, as here, the district court denies relief on the merits, a prisoner satisfies this standard by demonstrating that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. *See Buck v. Davis*, 137 S. Ct. 759, 773-74 (2017).

---

[1] *United States v. Davis*, 139 S. Ct. 2319 (2019).

[2] *United States v. Simms*, 914 F.3d 229 (4th Cir. 2019) (en banc).

[3] *Johnson v. United States*, 135 S. Ct. 2551 (2015).

Upon review of the record and the relevant authorities, we conclude that Taylor has not made the requisite showing. *See United States v. Dinkins*, 928 F.3d 349, 359 (4th Cir. 2019) ("[W]e hold that the North Carolina common law crimes of both robbery and accessory before the fact of armed robbery *categorically* qualify as violent felonies under the [Armed Career Criminal Act]'s force clause." (emphasis added)); *United States v. Patterson*, 853 F.3d 298, 302-05 (6th Cir. 2017) (discussing the Ohio crime of "aggravated robbery" and recognizing that the Sixth Circuit has held, post-*Johnson*, that this offense qualifies "as a violent felony under the elements clause" of § 924(e)(2)(B)(i)). Accordingly, we deny a certificate of appealability, deny leave to proceed in forma pauperis, and dismiss this appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED*