RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit I.O.P. 32.1(b)

File Name: 17a0289p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

No. 17-3706

LUKE D. PATTERSON,

*Defendant-Appellant.*

Appeal from the United States District Court
for the Northern District of Ohio at Akron.
No. 5:14-cr-00289-1—James S. Gwin, District Judge.

Decided and Filed: December 20, 2017

Before: CLAY, SUTTON, and GRIFFIN, Circuit Judges.

_____

**COUNSEL**

_____

**ON BRIEF:** Claire C. Curtis, FEDERAL PUBLIC DEFENDER, Cleveland, Ohio, for Appellant. Carmen E. Henderson, UNITED STATES ATTORNEY'S OFFICE, Cleveland, Ohio, for Appellee.

_____

**OPINION**

_____

SUTTON, Circuit Judge. In a prior appeal by Luke Patterson, we determined that "the district court should have sentenced him as an armed career criminal" because he had three previous convictions for a violent felony. The district court heeded those instructions on remand. We affirm.

In 2014, Akron police officers stopped Patterson's car.  They found an open container of alcohol and a stolen pistol inside it.  The state and federal governments filed charges.  In state court, Patterson pleaded guilty to receiving stolen property and driving with a suspended license.  In federal court, he pleaded guilty to being a felon in possession.

At his federal sentencing hearing, the district court treated Patterson's 2001 Ohio convictions for aggravated robbery with a deadly weapon as crimes of violence under the Sentencing Guidelines but not under the Armed Career Criminal Act.  Patterson appealed, and the government cross-appealed.  Patterson argued (1) that the court should have dismissed his federal indictment because it violated the Double Jeopardy Clause and (2) that his Ohio convictions did not qualify as crimes of violence under the Sentencing Guidelines.  The government argued that the district court erred by not treating his state court convictions as crimes of violence under the relevant federal statute:  the Armed Career Criminal Act.

We affirmed in part and reversed in part.  *United States v. Patterson*, 853 F.3d 298, 300 (6th Cir. 2017).  We rejected Patterson's double jeopardy argument because the separate-sovereigns doctrine permits such dual prosecutions, and we agreed with the district court that Patterson's prior convictions were predicate crimes of violence under the Guidelines.  *Id.* at 301, 306.  We disagreed, however, with the district court's conclusion that those convictions did not establish the requisite predicates for the Armed Career Criminal Act.  "Patterson had 'three previous convictions . . . for a violent felony' under [the Act]," we held, "and the district court should have sentenced him as an armed career criminal."  *Id.* at 305 (quoting 18 U.S.C. § 924(e)(1)).  As a result, we "reverse[d] the ruling that Patterson did not have three previous convictions for a violent felony, vacate[d] Patterson's sentence, and remand[ed] for resentencing."  *Id.* at 306.

On remand, Patterson continued to argue that he should not be sentenced as an armed career criminal.  The government, he said, had not shown that his prior offenses were in fact three separate offenses occurring on three distinct occasions.  The district court doubted its authority to reach this argument:  "I read the mandate from the Sixth Circuit to be more narrow" because it "specifically ma[de] a finding that the Defendant should be sentenced as an armed career criminal."  R. 122 at 15.  In the alternative, the court found Patterson's argument meritless

because the "logical inference" from the record was that he pleaded guilty to three different offenses. *Id.* The court sentenced him to the mandatory minimum of 180 months under the Act.

Patterson appeals again. He insists that the district court misinterpreted the scope of our remand by refusing to consider "any and all available legal arguments." Br. of Appellant at 14. And he maintains that the government has not shown that his Ohio convictions were "committed on occasions different from one another." 18 U.S.C. § 924(e)(1).

We interpret the scope of a mandate with fresh eyes. To determine whether we issued a limited remand or a general one, we look to any "limiting language" in the instructions on remand and the broader context of the opinion. *United States v. O'Dell*, 320 F.3d 674, 679–81 (6th Cir. 2003). Both indicators show that we issued a limited remand.

Our prior opinion states:

> For these reasons, we . . . reverse the ruling that Patterson did not have three previous convictions for a violent felony, vacate Patterson's sentence, and remand for resentencing.

*Patterson*, 853 F.3d at 306. The proper interpretation of that sentence, as the district court concluded, is that we "remand[ed] for resentencing" because Patterson did, in fact, have "three previous convictions for a violent felony." That was not an invitation to start from scratch, and it was not an invitation to conduct a new sentencing hearing.

The language "used in the context of the entire opinion" supports this conclusion. *United States v. Campbell*, 168 F.3d 263, 267–68 (6th Cir. 1999). We recognized that Patterson's "three convictions stemmed from armed robberies" that occurred at three different places: "an insurance agency, a cash advance store, and a cigarette shop." *Patterson*, 853 F.3d at 301. Those "prior convictions me[t] the requirements of" the Armed Career Criminal Act. *Id.* at 300. And so, we concluded, "the district court should have sentenced [Patterson] as an armed career criminal." *Id.* at 305.

But Patterson faces another problem, separate and apart from the scope of our remand. "[W]here an issue was ripe for review at the time of an initial appeal but was nonetheless foregone, the mandate rule generally prohibits the district court from reopening the issue on

remand." *O'Dell*, 320 F.3d at 679 (quoting *United States v. Ben Zvi*, 242 F.3d 89, 95 (2d Cir. 2001)). Patterson's separate-occasions argument was ripe when he first appealed. He indeed raised the argument at his initial sentencing, and the court rejected it. But Patterson never appealed that issue in his first trip to this court. That makes the argument "doubly out of bounds" now, *Waldman v. Stone*, 665 F. App'x 432, 434 (6th Cir. 2016), and that reality by itself resolves this appeal.

That brings us to the third problem with this appeal. In the alternative and out of an abundance of caution, the district court addressed the separate-occasions argument on the merits. The court found it wanting. And so do we.

The original indictment charged Patterson with three counts of aggravated robbery. *See* Ohio Rev. Code § 2911.01(A)(1), (C). Count 1 occurred at an insurance agency on November 28, 2000. Count 2 occurred at a First American Cash Advance store on December 8, 2000. And Count 3 occurred at a tobacconist on December 16, 2000. Each charge came with a firearm specification. *See id.* § 2941.145. Patterson pleaded guilty to Counts 1, 2, and 3 in an "amended indictment," which included a firearm specification only for Count 3. R. 112-3 at 2–3.

The "logical inference" from this sequence of events, as the district court concluded, is that Patterson pleaded to the same three counts listed in the original indictment, with the firearm specification removed from Counts 1 and 2. R. 122 at 15. The state court's finding on Patterson's guilty plea confirms that, as part of the plea, Ohio agreed "to dismiss [the] firearm specifications in [the] indictment as to Counts 1 & 2." R. 112-3 at 4. Under any of our tests in this area, aggravated robberies occurring at three different locations in three different weeks amount to offenses "committed on different occasions." *United States v. Southers*, 866 F.3d 364, 369 (6th Cir. 2017).

Patterson objects. He claims that, in light of amendments to the indictment, the original indictment may not be considered as approved evidence. *See Shepard v. United States*, 544 U.S. 13 (2005). Because the amended indictment was never docketed in state court, he adds, the remaining evidence available (the plea finding) establishes only that Patterson pleaded to

offenses occurring at undisclosed times in undisclosed places. And so, he concludes, the government failed to show that the offenses occurred on different occasions.

But the evidence considered in this case—the original indictment and plea finding—falls squarely within the materials approved by *Shepard*, namely "the terms of the charging document," a statement of the "factual basis for the plea," and "comparable judicial record[s]." 544 U.S. at 26. Because an amended indictment was never docketed and the original indictment was cross-referenced in the plea finding, the district court naturally looked to the original charging document. The district court's permissible inferences from these prototypical *Shepard* documents were fair and reasonable: that Patterson pleaded guilty to three distinct offenses.

*United States v. King*, 853 F.3d 267 (6th Cir. 2017), is not to the contrary. It refused to consider evidence that appeared in three *bills of particulars* but not in the corresponding *indictments* because the defendant "could have pled guilty to the charges in the indictment without requesting the bills of particulars." *Id.* at 269, 275–76; *see also Southers*, 866 F.3d at 370. Nor does it help Patterson to rely on *King*'s dicta that the documents must have "necessarily admitted" the facts at issue. 853 F.3d at 276. *Shepard* restricted the category of evidence to material from which "a later court could *generally* tell whether the plea had 'necessarily' rested" on the facts at issue. 544 U.S. at 21 (emphasis added). That makes sense, as the government's long-established burden is to prove *by a preponderance* of the evidence— not beyond a reasonable doubt—that the prior convictions occurred on different occasions. *See United States v. Pham*, 872 F.3d 799, 801 (6th Cir. 2017).

Making matters easier, Patterson has confirmed what the relevant documents and the relevant sequence of events suggest. When he raised this issue at his first sentencing, Patterson admitted through counsel that the predicate offenses occurred on three different days. The trial court and Patterson's counsel had the following exchange:

> THE COURT: [D]o you agree that the—the underlying state convictions were . . . for conduct that occurred on November 28th, 2000, December 8th, 2000, and December 16th, 2000?

> MR. IVEY: *Yes, Your Honor.* But at the same time, Mr. Patterson wants me to emphasize that *although that is true*, they were all contained in the same Indictment, in the same case, and sentenced on all of them at the same time.

R. 71 at 5 (emphases added).  Patterson conceded yesterday what he presses today.  The mandate rule exists to prevent just these sorts of efforts to relitigate an issue—to say nothing of sidestepping a prior forfeiture and admission.

For these reasons, we affirm.