TRAVIS R. MCDONOUGH, UNITED STATES DISTRICT JUDGE
Defendant David Binkley Cash pleaded guilty to being a felon in possession of a firearm. (Doc. 40.) He now objects to his Presentence Investigation Report's sentence enhancement under the Armed Career Criminal Act ("ACCA"). (Doc. 43.) The ACCA calls for a fifteen-year minimum sentence if Cash "has three previous convictions ... for a violent felony or a serious drug offense, or both, committed on occasions different from one another ...."[1] 18 U.S.C. § 924(e)(1) (emphasis added). Cash has three previous convictions for violent felonies-two for aggravated robbery[2] and one for aggravated assault. But the ACCA enhancement applies only if the Government has met its burden of proving, by a preponderance of *1025 the evidence, that Cash's two aggravated-robbery convictions were for offenses "committed on occasions different from one another." E.g. , United States v. Barbour , 750 F.3d 535, 545-46 (6th Cir. 2014). The Court must decide whether state-court judgment forms listing divergent dates found nowhere else in the record satisfy this burden.
The Government argues that a sentencing court must always trust offense dates in judgments to answer the ACCA's different-occasions inquiry because judgments are Shepard -approved documents.[3] (See Sentencing Tr. at 23-24.) Cash argues that a sentencing court may never do so, because a court is prohibited from considering any facts about how the prior offense was committed and may only rely on a judgment to establish the fact of the prior conviction and the offense elements. (See id. at 8-9.) The parties agree that the offense dates are not elements of aggravated robbery under Tennessee law. (See id. at 8, 44-45.)[4]
It is important to understand relevant precedent guiding the Court's decision. In Apprendi v. New Jersey , 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), the United States Supreme Court held that judicial fact-finding that increases a defendant's statutory-maximum or mandatory-minimum sentence violates the Sixth Amendment. However, Apprendi carved out an important exception-a sentencing judge may use the fact of a prior conviction, which need only be found by a preponderance of the evidence. Id. at 490, 120 S.Ct. 2348. In determining whether such prior convictions are ACCA predicates, a judge may not go beyond identifying the crime of conviction to explore the manner in which the defendant committed that crime. Shepard v. United States , 544 U.S. 13, 26, 125 S.Ct. 1254, 161 L.Ed.2d 205 (2005) (adopting "the demanding requirement that any sentence under the ACCA rest on a showing that a prior conviction 'necessarily' involved (and a prior plea necessarily admitted) facts equating to generic burglary"); Mathis v. United States , --- U.S. ----, 136 S.Ct. 2243, 2256, 195 L.Ed.2d 604 (2016) ("Given ACCA's indifference to how a defendant actually committed a prior offense, the court may ask only whether the elements of the state crime and generic offense make the requisite match."). Thus, while the Government must prove by only a preponderance the existence of a prior conviction, that conviction serves as an ACCA predicate offense only if facts supporting application of the ACCA were previously established in a manner that satisfied the Sixth Amendment.
In United States v. King , 853 F.3d 267 (6th Cir. 2017), the Sixth Circuit considered what evidence a court may use to make the ACCA's different-occasions inquiry. In King , three separate indictments charged the defendant with committing similar violent felonies "on or about February 18, 2002." Id. at 269. But none of the indictments alleged the times or locations *1026 of the offenses, and the district court needed more to answer the different-occasions question. Id. As a result, it examined a bill of particulars relating to each indictment. Id. Because these bills of particulars included different times and locations for the charged offenses, the district court applied the ACCA enhancement. Id. at 270. The Sixth Circuit reversed, holding that "a federal district court deciding whether prior offenses were 'committed on occasions different from one another' ... is limited to Shepard -approved evidentiary sources that contain facts necessarily found beyond a reasonable doubt by the trier of fact or necessarily admitted by the defendant." Id. at 279.
Shortly after King , the Sixth Circuit decided United States v. Southers , 866 F.3d 364 (6th Cir. 2017). In Southers , the defendant objected to an ACCA enhancement, arguing that his two May 24, 2000 offenses were not committed on different occasions. Id. at 369. To support the enhancement, the government presented two indictments and the corresponding judgments. Id. The first indictment charged the defendant with attempted aggravated robbery of one convenience store, and the second indictment charged the defendant with robbing a different convenience store. Id. The defendant argued the indictments and judgments did not satisfy the government's burden of proof. Id. at 370. The Sixth Circuit recognized that the facts in the indictments alone, considered in light of the judgments, supported the application of the enhancement:
Here, the indictments provide the information necessary to determine that Defendant's crimes took place at separate businesses. Under our precedent this was all that was required for the district court to find that Defendant's robberies qualified as separate predicates for purposes of the ACCA.
Id. The government met its burden of proof, by a preponderance of the evidence, that the defendant had been convicted of violent felonies and that, in the prior proceedings, facts necessary to satisfy the ACCA had been established in conformity with the Sixth Amendment.
Most recently, the Sixth Circuit decided United States v. Patterson , 878 F.3d 215 (6th Cir. 2017). In that case, the defendant had previously been charged with three counts of aggravated robbery, each at a separate location. Id. at 218. Each charge in the original indictment also included a firearm specification. Id. The defendant later pleaded guilty to all three counts in an amended indictment, which, for whatever reason, was never docketed. Id. at 218-19. According to the state court's finding on the defendant's guilty plea, it differed from the original indictment only because firearm specifications had been removed from the first two counts. Id. at 218. The defendant argued that, because the original indictment was amended prior to his guilty plea, it was not proper Shepard evidence. Id. at 218-19.
The Sixth Circuit rejected this argument, finding that "the evidence considered in this case-the original indictment and plea finding-falls squarely within the materials approved by Shepard .... Because an amended indictment was never docketed and the original indictment was cross-referenced in the plea finding, the district court naturally looked to the original charging document." Id. at 219. Finally, the court noted that it would not "help [the defendant] to rely on King 's dicta that the documents must have 'necessarily admitted' the facts at issue." Id. In the court's view, Shepard restricted the category of evidence only to material from which "a later court could generally tell whether the plea had 'necessarily rested' on the facts at issue." Id. The court reasoned *1027 this made sense because "the government's long-established burden is to prove by a preponderance of the evidence-not beyond a reasonable doubt-that the prior convictions occurred on different occasions." Id. (emphasis in original).
While Patterson 's treatment of King is notable, a review of all these cases makes two things clear: (1) the Government must prove, by a preponderance of the evidence, that Cash committed the two aggravated robberies on "occasions different from one another" if the Court is to apply the ACCA enhancement; and (2) in satisfying its burden, the Government is restricted to Shepard -approved sources that contain facts-such as dates-that were previously established in a manner that satisfied the Sixth Amendment. "[I]f the Shepard -approved documents before a district court are equivocal as to whether the offenses occurred on the same occasion, the ACCA does not apply." Kirkland v. United States , 687 F.3d 878, 888-89 (7th Cir. 2012).
The indictments charging Cash with the two aggravated robberies contain neither specific dates nor specific residence or business locations for the charged offenses. (See Doc. 55-1.) One indictment charged Cash with aggravated robbery of Gregory Morgan on "the ___ day of November, 2003." (Id. at 2.) Another indictment charged Cash with aggravated robbery of Jessie Parr on "the ___ day of November, 2003." (Id. at 4.) These indictments alleged that Cash took a CD player, a lighter, and batteries from Mr. Morgan and two pizzas and money from Mr. Parr. (Id. at 2, 4.) Based on the facts established by Cash's guilty plea to these indictments, it is just as possible as not that Mr. Parr, the pizza-delivery man, arrived at Mr. Morgan's residence during Cash's robbery of Mr. Morgan and became a second victim. (See Sentencing Tr. at 38-39.) Nothing in the indictments sheds any light on whether Cash committed the two offenses on occasions different from one another.
Even assuming, then, that the Court may rely on the judgments-which, of course, a sentencing court typically enters well after it last hears from a defendant[5] -the Government does not meet its burden. The judgments for Cash's aggravated-robbery convictions are both state-court judgments from the criminal court of Coffee County, Tennessee. (Doc. 54-1.) The first judgment is dated August 12, 2004, and includes an offense date of November 2, 2003. (Id. at 1.) The second judgment is dated August 3, 2004, and includes an offense date of November 30, 2003. (Id. at 2.) These are the record's only references to offense dates. The judgments indicate that Cash was sentenced for both aggravated robberies on the same day, July 23, 2004, and that the sentences were ordered to be served concurrently. (Id. at 1-2.) It appears that the defense attorney's name, on *1028 at least one of the judgments, was signed by the prosecutor. (See id. ) Finally, there is no evidence in the record that the judges who signed the judgments are the same judges who conducted Cash's plea colloquies.
The Court cannot, from the judgments alone, "generally tell whether the plea ... 'necessarily' rested' on the facts at issue." Patterson , 878 F.3d at 219 (quoting Shepard , 544 U.S. at 21, 125 S.Ct. 1254 ). The Court cannot tell whether Cash's plea of guilty rested on the offense dates contained in the judgments. The offense dates are not an element of aggravated robbery, and there is no evidence that Cash assented to the dates during a plea colloquy or otherwise.[6] There is nothing to convince the Court that these dates were established in any manner conforming to the Sixth Amendment.[7] Such evidence is, at its very best, equivocal. Kirkland , 687 F.3d at 888-89.
Cash is not the most sympathetic defendant to come before this Court-he has a violent criminal history and has been incarcerated over lengthy periods of time, among other troubling traits-but his character does not determine the resolution of his objection. If Cash does not enjoy the protections of the Sixth Amendment, then no one does.[8] Accordingly, the Court will SUSTAIN Defendant's objection to application of the ACCA enhancement and decline to apply the enhancement in this case. The sentencing hearing in this case is hereby RESET for Friday, April 20, 2018 , at 2:00 p.m. , before the undersigned.
SO ORDERED.

Two offenses are "committed on occasions different from one another" under the ACCA if: (1) "it is possible to discern the point at which the first offense is completed, and the subsequent point at which the second offense begins"; (2) "if it would have been possible for the offender to cease his criminal conduct after the first offense, and withdraw without committing the second offense"; or (3) "if the offenses are committed in different residences or business locations." United States v. Hill , 440 F.3d 292, 297-98 (6th Cir. 2006).

Cash also objects to the characterization of his aggravated-robbery convictions as violent felonies. The Sixth Circuit has held that Tennessee aggravated robbery is categorically a violent felony under the ACCA. See, e.g. , United States v. Southers , 866 F.3d 364, 367 (6th Cir. 2017). Accordingly, the Court rejects this argument.

"A judgment falls within Shepard 's exception for 'some comparable judicial record' to a plea colloquy or agreement, and therefore may be examined by a sentencing court." United States v. Armstead , 467 F.3d 943, 948 (6th Cir. 2006), abrogated on other grounds by Descamps v. United States , 570 U.S. 254, 133 S.Ct. 2276, 186 L.Ed.2d 438 (2013) ; see also United States v. Sosa , 448 Fed.Appx. 605, 609 (6th Cir. 2012) (describing that a judgment qualifies as a document reviewable under Shepard ).

Both the prosecuting attorney and defense attorney presented the Court with very helpful written submissions, as well as thoughtful arguments at the sentencing hearing. The Court appreciates their professionalism and diligence.

To the extent the Government argues Cash had an incentive to appeal if the judgment contained incorrect offense dates, the Court rejects that argument, finding the language from Mathis persuasive. There, the Court emphasized that
[s]tatements of 'non-elemental fact' in the records of prior convictions are prone to error precisely because their proof is unnecessary. At trial, and still more at plea hearings, a defendant may have no incentive to contest what does not matter under the law; to the contrary, he 'may have good reason not to'-or even be precluded from doing so by the court. When that is true, a prosecutor's or judge's mistake as to means, reflected in the record, is likely to go uncorrected. Such inaccuracies should not come back to haunt the defendant many years down the road by triggering a lengthy mandatory sentence.
136 S.Ct. at 2253. Cash is in precisely the situation contemplated in Mathis.

During the sentencing hearing, the Government relied on United States v. Humphries , 308 Fed.Appx. 892 (6th Cir. 2009). Humphries is unreported, does not resolve the specific issue presented by Cash's objection, and at most, allows but does not require a sentencing court to consider offense dates listed in judgments when conducting the ACCA's different-occasions inquiry. See id. at 899.

Despite the Government's invitation to wander beyond the scope of Apprendi and its progeny, the Court cannot gain even the slightest insight into the different-occasions inquiry based on the identities of the prosecutors and other inconsequential entries on the state-court judgment forms.

Although some Sixth Circuit precedent approves judgments as reviewable Shepard documents, the judgments in this particular case are not "comparable judicial record[s]" to a "charging document, the terms of a plea agreement or transcript of colloquy between judge and defendant in which the factual basis for the plea was confirmed by the defendant." Shepard , 544 U.S. at 26, 125 S.Ct. 1254. While there may be occasions when judgments satisfy Shepard 's standards, any rule categorically accepting all data reflected in any judgment form could gut Shepard 's protections. A state-court clerk's error in entering offense dates, for example, unchecked by the adversarial process, cannot support an ACCA mandatory-minimum sentence in a manner satisfying the Sixth Amendment.