RECOMMENDED FOR PUBLICATION
Pursuant to Sixth Circuit I.O.P. 32.1(b)

File Name: 21a0200p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

─────────────────

UNITED STATES OF AMERICA,

*Plaintiff-Appellee*,

*v.*

ROLANDO K. JOHNSON,

*Defendant-Appellant*.

No. 20-5980

─────────────────

Appeal from the United States District Court
for the Eastern District of Kentucky at London.
No. 6:17-cr-00038-1—Robert E. Wier, District Judge.

Decided and Filed: August 27, 2021

Before: BATCHELDER, McKEAGUE, and READLER, Circuit Judges.

─────────────────

## COUNSEL

**ON BRIEF:** Thomas Rein, Cleveland, Ohio, for Appellant. R. Nicholas Rabold, UNITED STATES ATTORNEY'S OFFICE, London Kentucky, Charles P. Wisdom, Jr., UNITED STATES ATTORNEY'S OFFICE, Lexington, Kentucky, for Appellee.

─────────────────

## OPINION

─────────────────

McKEAGUE, Circuit Judge. Defendant Rolando Johnson pleaded guilty to conspiracy to distribute oxycodone and to commit money laundering. Johnson was sentenced as a career offender under U.S.S.G. § 4B1.1(a) based on his two prior controlled-substance convictions. Johnson appealed, and we remanded for resentencing in light of our then-recent decision in *United States v. Havis*, 927 F.3d 382 (6th Cir. 2019) (en banc) (per curiam), which held that

attempt crimes—including conspiracies—did not qualify as controlled-substance offenses for the purpose of § 4B1.1.

On remand, the district court held that Johnson no longer qualified as a career offender—bringing his criminal history down from Category 6 to Category 3—and sentenced him to 200 months of imprisonment. Johnson now appeals again, arguing that the district court should have conducted a de novo resentencing, rather than just reconsidering his career offender status.

We interpret our remand de novo. *United States v. Richardson*, 948 F.3d 733, 738 (6th Cir.), *cert. denied*, 141 S. Ct. 344 (2020). A remand can be limited or general, but we "operate under the rebuttable presumption that a remand is general." *Id.* A general remand "permits the district court to redo the entire sentencing process, including considering new evidence and issues." *United States v. McFalls*, 675 F.3d 599, 604 (6th Cir. 2012). A limited remand, on the other hand, "explicitly outline[s] the issues to be addressed by the district court and create[s] a narrow framework within which the district court must operate." *Richardson*, 948 F.3d at 738 (alterations in original) (quoting *United States v. Campbell*, 168 F.3d 263, 265 (6th Cir. 1999)).

"To determine whether we issued a limited remand or a general one, we look to any 'limiting language' in the instructions on remand and the broader context of the opinion." *United States v. Patterson*, 878 F.3d 215, 217 (6th Cir. 2017) (quoting *United States v. O'Dell*, 320 F.3d 674, 680 (6th Cir. 2003)). Importantly, the court "need not use magic words to limit the scope of its remand," *Richardson*, 948 F.3d at 738, and the limiting language "may be found 'anywhere in an opinion or order, including a designated paragraph or section, or certain key identifiable language,'" *id.* at 739 (quoting *United States v. Woodside*, 895 F.3d 894, 900 (6th Cir. 2018)).

Our order's language makes clear that we remanded the matter only for the limited purpose of determining whether Johnson still qualified as a career offender after our decision in *Havis*. The order's penultimate sentence explains the basis for the remand: "Accordingly, Johnson should be resentenced in light of *Havis*." The order thus narrowed the district court's review to reconsidering Johnson's career offender status given the holding of

*Havis*—an argument that Johnson could not have originally brought at his sentencing.   *See Richardson*, 948 F.3d at 739.

And while the order concluded that the case would be "remanded for resentencing," without any further limiting language, the broader context of the order supports the conclusion that we issued a limited remand.   The order exclusively discusses the impact of *Havis* on Johnson's sentence.   It does not discuss the procedural or substantive reasonableness of the sentence, nor did it identify any other alleged errors to be considered on remand.

In sum, the district court correctly interpreted our remand to be a limited one.   The judgment of the district court is **AFFIRMED**.