RECOMMENDED FOR PUBLICATION
Pursuant to Sixth Circuit I.O.P. 32.1(b)

File Name: 23a0228p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

LAWRENCE DEWAINE SCHUMAKER,

*Defendant-Appellant.*

No. 21-6250

Appeal from the United States District Court for the Eastern District of Tennessee at Knoxville.
No. 3:15-cr-00139-1—Katherine A. Crytzer, District Judge.

Decided and Filed:  October 12, 2023

Before:  KETHLEDGE, THAPAR, and MATHIS, Circuit Judges.

_____

## COUNSEL

**ON BRIEF:**  Erin P. Rust, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Chattanooga, Tennessee, for Appellant.  Luke A. McLaurin, UNITED STATES ATTORNEY'S OFFICE, Knoxville, Tennessee, for Appellee.

_____

## OPINION

_____

MATHIS, Circuit Judge.  After Lawrence Schumaker pleaded guilty to being a felon in possession of a firearm and the district court sentenced him, the government appealed the sentence because the district court did not sentence Schumaker in accordance with the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e).  We remanded the case and instructed the district court to sentence Schumaker under the ACCA.  The district court did just that.

Now, Schumaker appeals, arguing that the district erred by following our instructions and following our precedent. We affirm.

**I.**

In 2016, Schumaker pleaded guilty to one count of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). At the time, Schumaker had fourteen prior convictions for Tennessee aggravated burglary. The indictments and judgments for those convictions indicated that each involved separate structures and occurred on thirteen different dates.

After our decision in *United States v. Stitt*, 860 F.3d 854 (6th Cir. 2017) (en banc), where we held that Tennessee aggravated burglary was not a violent felony and thus did not qualify as a predicate offense under the ACCA, the district court sentenced Schumaker to 54 months' imprisonment. *United States v. Schumaker*, 820 F. App'x 378, 380 (6th Cir. 2020). The government appealed. While that appeal was pending, the Supreme Court reversed our decision in *Stitt*, concluding that Tennessee aggravated burglary qualified as an ACCA predicate offense. *United States v. Stitt*, 139 S. Ct. 399, 406–07 (2018).

Because the Supreme Court's *Stitt* decision negated Schumaker's principal argument that aggravated burglary was not an ACCA predicate offense, Schumaker raised several other arguments challenging the application of the ACCA. *Schumaker*, 820 F. App'x at 381–83. Pertinent here, Schumaker asserted that "his prior [aggravated burglary] offenses did not occur on separate occasions" for purposes of the ACCA's occasions-different requirement. *Id.* at 381–82; *see* 18 U.S.C. § 924(e)(1). We rejected this argument after considering the charging documents for his fourteen convictions and observing that "all, except for two, . . . were committed on different dates." *Schumaker*, 820 F. App'x at 382–83. We reversed the district court's prior sentence and remanded the case for the district court to sentence Schumaker under the ACCA. *Id.* at 383.

On remand, Schumaker lodged an objection to his presentence report in the wake of the Supreme Court's grant of certiorari in *Wooden v. United States*, 595 U.S. 360 (2022). He argued that, in conducting the occasions-different inquiry, the Fifth and Sixth Amendments prohibited

the district court from relying on the dates and locations of the aggravated-burglary offenses found in the judgments associated with those convictions because the dates and locations of the burglaries are non-elemental facts that the government had to prove to a jury. After finding the objection foreclosed by our precedent, the district court sentenced Schumaker under the ACCA. Schumaker timely appealed.

## II.

The ACCA requires a district court to impose a sentence of at least fifteen years' imprisonment on any person who violates 18 U.S.C. § 922(g) and "has three previous convictions . . . for a violent felony or a serious drug offense, or both, committed on occasions different from one another[.]" 18 U.S.C. § 924(e)(1). In determining whether a defendant has committed offenses on "occasions different from one another," courts consider the following factors: (1) the timing of the offenses—"offenses separated by substantial gaps in time or significant intervening events" would not count as part of one occasion; (2) proximity of location of the offenses— "the further away crimes take place, the less likely they are components of the same criminal event"; and (3) "the character and relationship of the offenses." *Wooden*, 595 U.S. at 369. When necessary and permitted, a sentencing judge may review certain documents to determine whether the occasions-different requirement is met. *See Shepard v. United States*, 544 U.S. 13, 16 (2005); *United States v. Hennessee*, 932 F.3d 437, 442 (6th Cir. 2019) (discussing the application of *Shepard* to the occasions-different analysis). These documents, often referred to as "*Shepard* documents," include the charging documents, written plea agreements, transcripts of plea colloquies, jury instructions, and the judgment itself. *See Vowell v. United States*, 938 F.3d 260, 269 (6th Cir. 2019) (citation omitted).

Schumaker does not dispute that his fourteen prior Tennessee aggravated-burglary convictions qualify as ACCA predicates. *See Stitt*, 139 S. Ct. at 406. Nor does Schumaker argue that the documents the district court considered were not *Shepard* documents. Indeed, on remand, the district court considered the judgments relating to his convictions, which showed that Schumaker committed his burglaries on separate dates. *See Shepard*, 544 U.S. at 16. And we previously reached the same conclusion. *Schumaker*, 820 F. App'x at 383. Now that the Supreme Court has decided *Wooden*, Schumaker reiterates the argument he made to the district

court.  Interestingly, the government agrees with Schumaker that non-elemental facts underlying the occasions-different inquiry must be proven to a jury.

The questions we must decide are: (1) whether we made a limited remand that required the district court to sentence Schumaker under the ACCA, and (2) whether our precedent bars Schumaker's argument that the non-elemental facts in *Shepard* documents must be charged in an indictment and found by a jury before a district court may rely on those facts as part of the occasions-different inquiry.  For the reasons set forth below, we answer both questions in the affirmative.

**A.**

Under 28 U.S.C. § 2106, remands come in two flavors: general or limited.  *United States v. McFalls*, 675 F.3d 599, 604 (6th Cir. 2012) (citing *United States v. Hunter*, 646 F.3d 372, 374 (6th Cir. 2011)).  When we remand a case for resentencing under a general remand, a district court can "redo the entire sentencing process, including considering new evidence and issues." *Id.*  A limited remand, as the phrase suggests, limits the district court's authority to adjudicating only certain issues on remand.  *Id.*  To determine whether a remand is general or limited, a court must "look to any 'limiting language' in the instructions on remand and the broader context of the opinion."  *United States v. Patterson*, 878 F.3d 215, 217 (6th Cir. 2017) (quoting *United States v. O'Dell*, 320 F.3d 674, 679–81 (6th Cir. 2003)).  A remand order is "presumed to be general."  *McFalls*, 675 F.3d at 604 (citations omitted).  "[T]o impose a limited remand, an appellate court must sufficiently outline the procedure the district court is to follow."  *O'Dell*, 320 F.3d at 679 (quoting *United States v. Campbell*, 168 F.3d 263, 268 (6th Cir. 1999)).  The district court and the parties should have no doubt about the scope of the remand for sentencing. *Id.*  "The language used to limit the remand should be, in effect, unmistakable." *Id.*  Whether a remand is limited or general is a legal question that we review de novo.  *McFalls*, 675 F.3d at 604.

Our remand order in *Schumaker* reflects a limited remand.  Looking to the limiting language in *Schumaker*, we concluded our prior opinion by stating "we REVERSE and REMAND for resentencing under the ACCA."  820 F. App'x at 383.  Under similar circumstances, we have held that words like this are not "an invitation to start from scratch, . . .

[nor] an invitation to conduct a new sentencing hearing." *Patterson*, 878 F.3d at 218. Rather, the language unmistakably narrowed the district court's scope of review on remand to "resentencing" Schumaker "under the ACCA." *Schumaker*, 820 F. App'x at 383. The remand order left no room to entertain additional arguments that the ACCA should not apply.

This reading is further supported by how we used the limiting language "in the context of the entire opinion." *Patterson*, 878 F.3d at 218 (quoting *Campbell*, 168 F.3d at 267–68). We remanded the case to the district court for resentencing under the ACCA only after we: (1) rejected all three of Schumaker's arguments that the district court should not resentence him under the ACCA, (2) concluded that Schumaker's fourteen convictions for Tennessee aggravated burglary qualified as ACCA predicate offenses in the wake of the Supreme Court's *Stitt* decision, and (3) observed that the relevant *Shepard* documents showed that "all, except for two" of the predicate offenses "were committed on different dates." *Schumaker*, 820 F. App'x at 379–83.

In *Patterson*, we found a similarly worded remand order to be a limited remand for nearly identical reasons. 878 F.3d at 216–18. There, after the defendant pleaded guilty to being a felon in possession of a firearm, the district court declined to sentence the defendant in accordance with the ACCA, finding that the defendant did not have three predicate ACCA offenses. *Id.* at 217. We reversed the district court and remanded the case to the district court with the following mandate: "For these reasons, we . . . reverse the ruling that Patterson did not have three previous convictions for a violent felony, vacate Patterson's sentence, and remand for resentencing." *Id.* at 218. On remand, the defendant raised an additional challenge to applying the ACCA. *Id.* at 217. The district court declined to reach the defendant's argument, stating: "I read the mandate from Sixth Circuit to be more narrow" because it "specifically ma[de] a finding that the Defendants should be sentenced as an armed career criminal." *Id.* (alteration in original, quotation marks omitted). We affirmed the district court's conclusion that the remand order was limited and thus precluded Patterson's argument. *Id.* at 218. We also found that the relevant context supported this reading because the mandate came only after we determined that all requirements under the ACCA had been satisfied. *Id.*; *see also United States v. Johnson*, 11 F.4th 529, 531 (6th Cir. 2021) (finding that an order remanding a case for resentencing was a limited remand because the broader context of the order showed that "we remanded the matter

only for the limited purpose of determining whether [the defendant] . . . qualified as a career offender[.]")

In our prior opinion, we limited the scope of remand to "resentencing under the ACCA." 820 F. App'x at 383. Neither this language nor the context suggests that the district court could entertain the argument Schumaker seeks to advance on appeal.

**B.**

Binding Sixth Circuit precedent allows district courts to consider non-elemental facts contained in *Shepard* documents to determine if a defendant has committed predicate ACCA offenses on different occasions. Schumaker disagrees and argues that even if we limited our remand (we did), *Wooden* changed the law about whether the district court should have required a jury to determine these non-elemental facts. Schumaker is mistaken.

In *United States v. King*, we held that "to the extent that answering the different-occasions question requires a sentencing judge to identify the who, when, and where of the prior offenses [in *Shepard* documents], nothing we say here precludes a judge from doing so." 853 F.3d 267, 274 (6th Cir. 2017). We reiterated this holding in no uncertain terms in *Hennessee* when we opined: "*King* . . . created no limitation on a sentencing court's consideration of non-elemental facts contained within *Shepard* documents." 932 F.3d at 442 (citing *King*, 853 F.3d at 267).

*Wooden* did not address whether the Constitution requires a jury or judge to resolve whether prior crimes occurred on a single occasion for purposes of ACCA sentencing. The Supreme Court explicitly stated this in its opinion. *See Wooden*, 595 U.S. at 365 n.3 (declining to address "whether the Sixth Amendment requires that a jury, rather than a judge, resolve whether prior crimes occurred on a single occasion"). For this exact reason, we have consistently found that *Wooden* had no impact on our decisions in *King* and *Hennessee*. *See United States v. Campbell*, 77 F.4th 424, 430 (6th Cir. 2023); *United States v. Thomas*, No. 22-6067, 2023 WL 5535124, at *2 (6th Cir. Aug. 8, 2023) (quoting *United States v. Cook*, No. 22-5056, 2022 WL 4684595, at *2 (6th Cir. Oct. 3, 2022)). And now, we do so again.

Schumaker contends that *King* and *Hennessee* are not binding because they erroneously overlooked prior Supreme Court precedent, namely *United States v. Hayes*, 555 U.S. 415 (2009) and *Nijhawan v. Holder*, 557 U.S. 29 (2009). We reject this argument for two reasons. First, "[w]here an issue was ripe for review at the time of an initial appeal but was nonetheless foregone, the mandate rule generally prohibits the district court from reopening the issue on remand." *Patterson*, 878 F.3d at 218 (quoting *O'Dell*, 320 F.3d at 679). *Hayes* and *Nijhawan*, unlike *Wooden*, were not intervening changes in the law; therefore, Schumaker could have raised this argument in his initial appeal. Because he did not, the argument is forfeited and therefore unreviewable on appeal. *See United States v. Richardson*, 948 F.3d 733, 740 (6th Cir. 2020). Second, this argument lacks merit even if we consider it on the merits. True enough, a panel of this court may revisit precedent if that "precedent overlooked earlier Supreme Court authority," *Ne. Ohio Coal. for the Homeless v. Husted*, 831 F.3d 686, 720 (6th Cir. 2016), but that is not what happened here. Neither *Hayes* nor *Nijhawan* concerned the ACCA's occasions-different requirement. For that reason, we have previously rejected the exact argument that Schumaker makes. *See Thomas*, 2023 WL 5535124, at *2 (finding that our precedent did not overlook *Hayes* or *Nijhawan*); *Cook*, 2022 WL 4684595, at *2 (same).

Finally, Shumaker asserts that we should overrule *King* and *Hennessee* because they conflict with the Supreme Court's decisions in *Mathis v. United States*, 579 U.S. 500 (2016) and *Descamps v. United States*, 570 U.S. 254 (2013). Once again, Schumaker forfeited this argument because he failed to raise it during his initial appeal. And the argument lacks merit. In *Hennessee*, we explicitly refused to import *Descamps* and *Mathis*'s elements-means distinction or elemental-facts restriction to our occasions-different analysis because "such a restriction would not make sense[.]" 932 F.3d at 443. "A sentencing judge would be hamstrung . . . in making most different-occasions determinations if he or she were only allowed to look to elemental facts in *Shepard* documents which rarely involve date, time, or location." *Id.* We repeated this holding in *United States v. Brown*, 957 F.3d 679, 690 (6th Cir. 2020), and several other circuits are in accord. *See, e.g.*, *United States v. Dudley*, 5 F.4th 1249, 1265 (11th Cir. 2021); *United States v. Walker*, 953 F.3d 577, 581 (9th Cir. 2020); *United States v. Blair*, 734 F.3d 218, 227–28 (3d Cir. 2013).

In the absence of a Supreme Court decision or an en banc ruling, we are bound by our precedent—a sentencing judge may consider non-elemental facts found in *Shepard* documents when deciding whether ACCA predicate offenses were committed on different occasions. *United States v. Ferguson*, 868 F.3d 514, 515 (6th Cir. 2017).

**III.**

We **AFFIRM** the district court's judgment.