NOT RECOMMENDED FOR PUBLICATION
File Name: 24a0336n.06

Case No. 23-5726

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**
Jul 31, 2024
KELLY L. STEPHENS, Clerk

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff-Appellee, | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR |
| v. | ) | THE WESTERN DISTRICT OF |
| | ) | KENTUCKY |
| JESCELL WHITTLE, | ) | |
| Defendant-Appellant. | ) | OPINION |
| | ) | |

Before: BOGGS, COOK, and NALBANDIAN, Circuit Judges.

COOK, Circuit Judge. A jury convicted Jescell Whittle of attempted robbery, robbery, and two counts of using a gun in relation to crimes of violence. After the Supreme Court held that attempted robbery under 18 U.S.C. § 1951(a) is not a crime of violence under 18 U.S.C. § 924(c)(3)(A), *see United States v. Taylor*, 596 U.S. 845, 850–52 (2022), we issued a limited remand so that Whittle could be resentenced in accordance with that holding. Whittle now challenges his revised sentence. We affirm.

I.

In October 2012, Jescell Whittle and Tony Trumbo tried to rob a Cricket Wireless store. The two men entered and asked an employee, Rami Sukkar, for help paying their bills. When Sukkar told Whittle that he couldn't find Whittle's account information, Whittle drew a revolver. Sukkar moved away from the gun and shouted, "Hey, there's a robbery." R.315 at 2692.

As Cricket employees emerged from the back room, Whittle tried to get to the cash register but failed to get his body over the counter. Whittle and Trumbo then fled.

About a week later, Whittle, Trumbo, and James Gore robbed a Speedway gas station. The three men walked inside, brandished handguns, and ordered everyone present to get on the floor. Trumbo and Gore approached the cash register. Trumbo held out a plastic bag while Gore pointed a handgun at the store clerk. Whittle, for his part, moved to the back of the store. He patted down a customer, took what he found, and, before moving on to the next customer, shot that customer in the back. After Trumbo and Gore got the money from the cash register, the three men fled.

After reviewing surveillance videos, the police identified Whittle and arrested him. *United States v. Whittle*, 713 F. App'x 457, 459 (6th Cir. 2017). A jury found him guilty of attempted robbery, robbery, and two related firearm charges which are most relevant here: brandishing a firearm during and in relation to a crime of violence (count 4) and discharging a firearm during and in relation to a crime of violence (count 10). Based on his criminal history, Whittle was categorized as a career offender, bringing his guidelines range to 594 to 646 months. The district court sentenced Whittle to a total of 444 months' incarceration.

In his direct appeal, Whittle argued that the district court violated his Fifth and Sixth Amendment rights and made evidentiary errors. This Court disagreed and affirmed the conviction. *Whittle*, 713 F. App'x at 467. Next, Whittle moved to vacate his conviction under 28 U.S.C. § 2255, arguing that he received ineffective assistance of counsel. The district court denied that motion and denied a certificate of appealability.

Following that denial, Whittle moved to amend his § 2255 motion so he could add, for the first time, the argument that his Count 4 conviction for using a firearm did not occur during or in

relation to a crime of violence because attempted robbery under 18 U.S.C. § 1951(a) is not a crime of violence.  The district court denied the motion and denied a certificate of appealability.

Whittle again appealed.  We granted a certificate of appealability as to the denial of Whittle's motion to amend, *see Whittle v. United States*, No. 21-5075 (6th Cir.) (order of July 27, 2021), and later granted Whittle's motion to hold the case in abeyance pending the Supreme Court's decision in *United States v. Taylor*.  Several months later, the Supreme Court decided *Taylor*, which held that attempted robbery under § 1951(a) is not a crime of violence under § 924(c)(3)(A).  *See* 596 U.S. at 850–52.

Following that decision, the government moved to remand the case to the district court. The government conceded that Whittle's Count 4 conviction for using a firearm in relation to a crime of violence was no longer valid after *Taylor*.  It also noted that vacating that conviction would affect Count 10, which, without Count 4, would be Whittle's first § 924(c) conviction.  We agreed and instructed the district court to vacate Whittle's conviction on Count 4 and resentence him on Count 10.  *Whittle v. United States*, No. 21-5075 (6th Cir.) (order of Dec. 5, 2022).

On remand, the probation office issued a revised Presentence Report for Count 10.  As before, the report designated Whittle as a career offender.  The statutory minimum was 120 months, to run consecutively with any other count, with a guidelines range of 360 months to life. Whittle made no objection to the Presentence Report.

At resentencing, the court vacated Count 4 and imposed a 200-month sentence for Count 10, to run consecutively to Whittle's two concurrent 60-month terms on the two robbery convictions, which the resentencing did not affect.  All told, Whittle would serve a total of 260 months in prison.  Whittle appealed the amended judgment.

II.

A.

Whittle argues that the district court committed plain error in designating him a career offender. But Whittle may not challenge his career-offender status because such a challenge is beyond our limited remand.

Remand orders come in two flavors, general and limited. Whereas general remand orders serve as "an invitation to start from scratch," *United States v. Patterson*, 878 F.3d 215, 218 (6th Cir. 2017), limited remand orders contain limiting language that narrows a district court's scope and "expressly or impliedly" precludes a district court from considering all other issues, *United States v. O'Dell*, 320 F.3d 674, 679 (6th Cir. 2003) (quotation omitted). In *United States v. Richardson*, we vacated the defendant's sentence and remanded "for reconsideration of [the defendant's] sentence in light of *Johnson v. United States*," a recently decided Supreme Court case. 948 F.3d 733, 739 (6th Cir. 2020). We interpreted that remand order to "foreclose[] the district court from considering any issue unrelated to *Johnson*'s effect on [the defendant's] conviction and sentence." *Id.*

When we issued our remand order here, we included limiting language, instructing the district court "to vacate Whittle's conviction and sentence on Count 4 and resentence him on Count 10." R.457 at 4532. That order constrained the district court's scope and foreclosed review of all other issues, including whether Whittle is a career offender. *See Patterson*, 878 F.3d at 218; *Richardson*, 948 F.3d at 739–40.

Whittle concedes that our remand was a limited remand insofar as it was limited to resentencing on Count 10, but argues that "it was a general remand of the sentencing of that Count." Reply Br. 1. In other words, Whittle thinks that our limited remand should be treated like

a general remand because it had no limitations *within* Count 10. This, he says, gives us authority to consider whether the district court plainly erred in imposing the career offender enhancement. But constraining the district court to resentencing on Count 10 "was not an invitation to start from scratch, and it was not an invitation to conduct a new sentencing hearing." *Patterson*, 878 F.3d at 218. Rather, that language instructed the district court to hold all else the same and impose a new sentence on Count 10, "impliedly" restricting the court's ability to revisit the career-offender enhancement. *O'Dell*, 320 F.3d at 679.

So we refuse to consider Whittle's challenge to his career-offender designation as beyond the scope of our limited remand.

B.

Whittle separately challenges his new sentence as substantively unreasonable. In other words, he argues that the district court abused its discretion by imposing a sentence that was higher than it should have been because the court misapplied the § 3553(a) factors. Our review in this area is "highly deferential." *United States v. Rayyan*, 885 F.3d 436, 442 (6th Cir. 2018). We presume that within-guidelines sentences are substantively reasonable. *United States v. West*, 962 F.3d 183, 187 (6th Cir. 2020). Whittle, who argues that his below-guidelines sentence is too long, faces an "even more demanding burden than do those who challenge a within-guidelines sentence." *United States v. Greco*, 734 F.3d 441, 450 (6th Cir. 2013) (quotation omitted).

The district court did not abuse its discretion. It walked through and properly weighed each of the relevant sentencing factors. After doing so, the court noted that while a within-guidelines sentence would be "excessive," the fact that Whittle's "firearm went off" required a longer sentence than his codefendants. R.484 at 4690. The court imposed a sentence of 200 months for Count 10, meaning Whittle would serve 260 months total.

Whittle first argues that the district court abused its discretion by failing to adequately consider several facts, including the "possib[ility]" that he "did not intentionally fire his weapon" when he shot the customer in the back; his incarceration on unrelated state charges for four years prior to his original sentencing; and his "considerable and impressive post-conviction accomplishments." Appellant's Br. 18–20. But Whittle fails to articulate how these facts show that the district court abused its discretion, nor does he cite any supporting legal authority. *See, e.g.*, *Rayyan*, 885 F.3d at 442–43 (emphasizing that weighing the sentencing factors "is a matter of [the district court's] reasoned discretion" and "we should be loath to override that required exercise of judgment lightly").

Whittle next argues that his sentence was too long because two codefendants with similar charges received sentences that were lower by several months. But, as the court pointed out, the disparity has an obvious justification: unlike Whittle, these codefendants did not shoot anyone. *See United States v. Morgan*, 572 F. App'x 292, 299 (6th Cir. 2014). That difference explains the disparity regardless of whether Whittle fired the gun intentionally or not.

Finally, Whittle argues that the district court abused its discretion by giving too little weight to Whittle's "considerable and impressive post-conviction accomplishments." Appellant's Br. 20. True, when a "case [is] remanded for resentencing, a district court may consider evidence of a defendant's rehabilitation since his prior sentencing." *Pepper v. United States*, 562 U.S. 476, 490 (2011). But the court did consider Whittle's post-conviction conduct, and *Pepper* holds that courts "may consider" such evidence, not that they must weigh it heavily. What's more, we have held that the *Pepper* rule applies "only when the remand is general," not, as here, when it is limited. *Richardson*, 948 F.3d at 743. No abuse of discretion occurred.

We affirm.